UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80109-CR-Moore/Matthewman

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARTY BRENDELL DARRISAW,

    Defendant.

_____/

FILED BY KJZ D.C.

Nov 16, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## BOND REVOCATION AND DETENTION ORDER

The Defendant, Marty Brendell Darriwsaw, appeared before the Court on November 16, 2020, for a bond revocation hearing. Defendant waived his right to be physically present in the Courtroom and consented to appear via Zoom video conference (VTC) from the U.S. Marshal's Cellblock at the West Palm Beach federal courthouse. The Court found that Defendant knowingly and voluntarily and with the advice of competent counsel waived his personal presence in the courtroom on November 16, 2020, and agreed to appear by Zoom VTC from the U.S. Marshal's cellblock for the hearing. Because the Court also found that the hearing could not be delayed without serious harm to the interests of justice, the hearing was conducted by Zoom VTC.

At the conclusion of the hearing on November 16, 2020, the Court orally ordered that Defendant's bond be revoked and he be detained. The Court makes the following findings of fact with respect to this order for bond revocation and detention.

### I. Background

Defendant was originally convicted in the Southern District of Florida of bank robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony. On January 21, 2015, the Honorable Daniel T.K. Hurley, Senior United States District Judge, sentenced Defendant to 51 months of imprisonment followed by three years of supervised release. On August 21, 2018, a petition was submitted to the Court regarding Defendant's positive drug tests for marijuana. The Court concurred with U.S. Probation's recommendation to provide Defendant with an opportunity to participate in substance abuse treatment with no further action taken. On January 15, 2019, a petition was submitted to the Court regarding Defendant's positive drug test for marijuana, failure to follow instructions, and failure to participate in substance abuse treatment. A superseding petition was later submitted to the Court regarding Defendant's additional positive drug tests for marijuana, failure to follow instructions, and failure to pay restitution. Defendant's supervision was revoked on March 14, 2019, and he was sentenced to 12 months custody of the Bureau of Prisons followed by two years of supervised release.

Defendant's term of supervised release commenced on February 8, 2020. On August 25, 2020, a petition was submitted to the Court regarding Defendant's positive drug test for marijuana and amphetamine. The probation officer requested no action and to modify Defendant's supervision to include mental health treatment. The Court agreed and modified Defendant's supervision.

On September 22, 2020, a Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 51] was filed, alleging that Defendant had violated his conditions of supervised release by testing positive for marijuana and cocaine, by failing to pay court-ordered

2

restitution, by failing to report to his probation officer for drug testing, and by failing to participate in approved mental health and substance abuse treatment. Defendant was released on a $25,000 personal surety bond on October 7, 2020. [DE 54]. Defendant's bond required him to 1) submit to substance abuse testing and/or treatment, 2) refrain from any use of narcotic drug or other controlled substance, 3) abide by all original conditions of his Judgment and Commitment Order, 4) report to the United States Probation office weekly for drug testing, and 5) report to the United States Probation Office on October 7, 2020.

On November 12, 2020, the U.S. Probation Office submitted a Petition to Revoke Bond [DE 57]. According to the Petition to Revoke Bond, on October 15, 22 and 29, 2020, Defendant submitted urine samples which tested positive for marijuana. Defendant admitted to his United States Probation Officer he used marijuana on October 30, 2020. The Petition to Revoke Bond also alleges that Defendant failed to attend drug/alcohol treatment on October 15, 23 and 30, 2020.

On November 16, 2020, Defendant admitted to the violations alleged against him in the Petition.

## II. Summary of Hearing

At the November 16, 2020 bond revocation hearing, Defendant stipulated to the facts in the Petition to Revoke Bond, and the Government made a proffer regarding those facts. The Court also heard the testimony of U.S. Probation Officer Donn Grice and the positions of defense counsel and Government counsel. The Government's proffer, Defendant's stipulation to the facts in the Petition to Revoke Bond, and the testimony of U.S. Probation Officer Donn Grice established that Defendant violated the conditions of his supervised release and his bond conditions.

Defense counsel argued that, despite the facts described in the Petition to Revoke Bond,

Defendant has recently attended treatment sessions and has reported for drug tests. Defense counsel asserted that Defendant has committed no new crimes and that he has been using marijuana because he is grieving his grandmother's recent death. According to counsel, Defendant is having trouble finding employment, and he plans on asking Chief Judge Moore at sentencing for some period of time in a halfway house to assist him in a finding a job. Defendant is not interested in participating in a residential drug treatment program.

Probation Officer Donn Grice testified that Defendant reported for a drug test on November 5, 2020, and tested positive for marijuana. Defendant was also tested in the field within the last week, but that test has not yet been processed. Additionally, while Defendant did attend treatment on November 3, 2020, he did not fully attend treatment on November 10, 2020, because the counselor was not able to speak with Defendant privately. According to Probation Officer Grice, Defendant has been polite and courteous, but he wants to be finished with supervised release because he simply cannot follow the rules.

Defendant has a history of violating the conditions of his supervised release. Additionally, he has tested positive for both cocaine and marijuana, and has tested positive for marijuana as recently as November 5, 2020, yet has not seriously worked on recovering from his drug problem.

### III.   Analysis

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is…probable cause to believe that the person has committed a

4

federal, state or local crime on release or clear and convincing evidence that the person has violated any other condition of release; and finds that…based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community or the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla. May 3, 2016); *United States v. Abovyan*, 18-80122-CR-Middlebrooks, 2018 WL 4203687 (S.D. Fla. Aug. 31, 2018).

      The Court finds that the above law and facts require the revocation of Defendant's bond and his detention. Based upon the proffer from the Government, Defendant's stipulation to the facts in the Petition to Revoke Bond, the testimony of Probation Officer Grice, counsel's arguments, and the Court's review of the file, and as stated on the record on November 16, 2020, the Court finds that there is clear and convincing evidence that Defendant has violated his bond or release conditions. The Court also finds by clear and convincing evidence that, based on the factors set forth in 18 U.S.C. §3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community. Further, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. The Court simply no longer trusts Defendant to comply with any of its orders or release conditions. Therefore, the Court orders that Defendant's bond be revoked pursuant to 18 U.S.C. § 3148. Further, Defendant is ordered detained pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and the Bail Reform Act.

Accordingly, **IT IS HEREBY ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility. This Court also directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of November, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge