UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80109-CR-Moore/Matthewman

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARTY BRENDELL DARRISAW,

    Defendant.
_____/

FILED BY **KJZ** D.C.

**Nov 16, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON SUPERVISED RELEASE VIOLATIONS

### I. Background

The Defendant, MARTY BRENDELL DARRISAW, appeared before the Court on November 16, 2020, for a status conference re: final hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") [DE 51]. Defendant waived his right to be physically present in the Courtroom and consented to appear via Zoom video conference (VTC) from the U.S. Marshal's Cellblock at the West Palm Beach federal courthouse. The Court found that Defendant knowingly and voluntarily and with the advice of competent counsel waived his personal presence in the courtroom on November 16, 2020, and agreed to appear by Zoom VTC from the U.S. Marshal's cellblock for the hearing. Because the Court also found that the hearing could not be delayed without serious harm to the interests of justice, the hearing was conducted by Zoom VTC.

Defendant was originally convicted in the Southern District of Florida of bank robbery, in

1

violation of 18 U.S.C. § 2113(a), a Class C felony. On January 21, 2015, the Honorable Daniel T.K. Hurley, Senior United States District Judge, sentenced Defendant to 51 months of imprisonment followed by three years of supervised release. On August 21, 2018, a petition was submitted to the Court regarding Defendant's positive drug tests for marijuana. The Court concurred with U.S. Probation's recommendation to provide Defendant with an opportunity to participate in substance abuse treatment with no further action taken. On January 15, 2019, a petition was submitted to the Court regarding Defendant's positive drug test for marijuana, failure to follow instructions, and failure to participate in substance abuse treatment. A superseding petition was later submitted to the Court regarding Defendant's additional positive drug tests for marijuana, failure to follow instructions, and failure to pay restitution. Defendant's supervision was revoked on March 14, 2019, and he was sentenced to 12 months custody of the Bureau of Prisons followed by two years of supervised release.

Defendant's term of supervised release commenced on February 8, 2020. On August 25, 2020, a petition was submitted to the Court regarding Defendant's positive drug test for marijuana and amphetamine. The probation officer requested no action and to modify Defendant's supervision to include mental health treatment. The Court agreed and modified Defendant's supervision.

Defendant is now charged with the following violations of his supervised release in the Petition [DE 51]:

1. **Violation of Mandatory Condition**, by unlawfully using or possessing a controlled substance. According to the Petition, on August 20, 2020, Defendant submitted urine samples that tested positive for marijuana.
2. **Violation of Mandatory Condition**, by unlawfully using or possessing a controlled substance. According to the Petition, on August 20, 2020, Defendant submitted urine samples that tested positive for cocaine.
3. **Violation of Mandatory Condition**, by failing to follow instructions. According to

      the Petition, Defendant was instructed to report to the United States Probation Office on August 27, 2020 for a drug test and failed to report for drug testing.
4. **Violation of Special Condition**, by failing to participate in an approved substance abuse and mental health treatment program. According to the Petition, Defendant failed to attend Changes Wellness Center for substance abuse and mental health treatment as of August 28, 2020.
5. **Violation of Mandatory Condition**, by failing to follow instructions. According to the Petition, Defendant was instructed to report to the United States Probation Office on September 11, 2020, for a drug test and on Mondays starting September 14, 2020. Defendant failed to report for drug testing on September 11, 2020 and September 14, 2020.
6. **Violation of Special Condition**, by failing to pay the court-ordered restitution. According to the Petition, on June 21, 2015, restitution in the amount of $15,346.00 was ordered by the Court, and Defendant failed to satisfy this financial obligation.

## II.  Summary of Hearing

At the November 16, 2020 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing (three years in prison and two years of supervised release), Defendant admitted to allegation # 1-6 as alleged in the Petition. The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations # 1-6, and its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations # 1, 2, 3, 4, 5, and 6 as alleged in the Petition [DE 51].

### III. Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable K. Michael Moore, Chief United States District Judge, find that Defendant has violated the terms and conditions of supervised release as to allegations # 1-6 of the Petition [DE 51]. The Court further recommends that Judge Moore schedule a sentencing hearing on allegations # 1-6.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with Chief United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 16th day of November, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge